IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 05-0752
════════════
 
UNITED STATES OF 
AMERICA AND 
TRAILBLAZER HEALTH ENTERPRISES, LLC, Petitioners,
 
v.
 
AFUAH BOATENG, JOHNELL SANDERS 
FERNANDEZ, SHARON LONG GAY, JOEL S. HOCHMAN, ROSALIND HULL, GLORIA ANN TUCKER 
AND MISSY L. WALKER, Respondents
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Fourteenth District of 
Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
In this case, 
the United States, on behalf of its Medicare intermediary TrailBlazer Health 
Enterprises, L.L.C., filed a bill of review asserting that the default 
garnishment judgment rendered against TrailBlazer should be set aside on 
sovereign immunity grounds[1]. At a preliminary hearing, 
the trial court granted the bill of review, set aside the default judgment, and 
dismissed the garnishment action, concluding that because TrailBlazer was 
entitled to sovereign immunity, the garnishment court lacked subject matter 
jurisdiction. 
A divided 
court of appeals reversed and remanded, concluding that procedural due process 
required the trial court to set the matter for trial and provide the garnishor 
an opportunity to be heard on the merits of the bill of review. 171 S.W.3d 481, 
494. The dissent disagreed, observing that no process was due because the trial 
court correctly determined that sovereign immunity deprived the garnishment 
court of subject matter jurisdiction. Id. at 495-98 (Hudson, J., 
dissenting). In a footnote, the majority disagreed with the dissent’s analysis, 
but declined to explain, concluding that the merits of the sovereign immunity 
issue were not presented on appeal. Id. at 495, n.8. Because fact issues 
remain regarding the extent of the United States’ and TrailBlazer’s sovereign 
immunity claims, we deny the petitions for review. 
 
 
Opinion 
delivered:         April 20, 2007
 
 




[1] TrailBlazer is also a party to this 
appeal.